BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
TORUS INSURANCE (UK) LTD.
555 Fifth Avenue
New York, New York 10017
(212) 983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TORUS INSURANCE (UK) LTD.,

                *Plaintiff*,

   -against-

COASTAL TOWING, LLC,

                *Defendant*.
-----------------------------------------------------------X

Case No.:



**COMPLAINT FOR
DECLARATORY JUDGMENT**

Plaintiff, TORUS INSURANCE (UK) LTD. ("Torus"), by and through its attorneys, Brown Gavalas & Fromm LLP, as and for its Complaint for Declaratory Judgment against defendant, COASTAL TOWING, LLC ("Coastal"), hereby alleges upon information and belief as follows:

## JURISDICTION

1. The Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1333 as this is an admiralty or maritime dispute concerning marine insurance.

## NATURE OF THE ACTION

2. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and involves an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. Torus seeks a declaration of its rights and other legal relations pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, in order to resolve an actual controversy between

the parties to this action, as is more fully described below.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action took place in this District. Moreover, as is more fully set forth below, the forum selection clause in the subject contract of marine insurance designates this District as the forum for resolution of disputes between the parties.

## THE PARTIES

5. At all times relevant, Torus was and is an insurance company duly organized and existing under the laws of a foreign country, and was and is licensed to conduct insurance business in New York State by the New York Department of Financial Services.

6. Coastal is a limited liability company organized and existing under the laws of the State of Louisiana. Coastal's business involves, *inter alia*, operating vessels.

7. At all relevant times, Coastal was the owner and operator of the M/V LESLIE ANN (the "Vessel"), a utility boat.

## RELEVANT FACTS

**A.   The Incident and the Personal Injury Action**

8. On or about June 20, 2013, the Vessel arrived at SS 198 H Hercules 205 (the "Platform"), a jack-up drilling platform in the Gulf of Mexico, in order to transport four workers who had been performing metal fabrication work at the Platform.

9. On that date, the Vessel was crewed by two Coastal employees, Captain Scott Stanfield and deckhand Uriah Hoffman.

10. To facilitate the transfer from the Platform to the Vessel, the workers entered a

personnel basket suspended from a crane on the Platform. The crane then lowered the basket from the Platform to the Vessel. As the basket descended, the Vessel's deckhand grabbed a tagline hanging from the basket in order to guide the basket to the Vessel's deck. When the basket neared the deck, it struck a handrail on the Vessel, causing one of the workers in the basket, David Pittman, to fall. Pittman landed on the Vessel's handrail and allegedly sustained injuries to his lower back.

11. Pittman was treated on the Vessel by two medics from the Platform, and Pittman was returned to the Platform and ultimately transported to shore for further treatment.

12. Following the incident, the Vessel's captain completed a U.S. Coast Guard form CG-2692 Report of Marine Accident, Injury or Death. This Report provided information about the Vessel, Pittman, and the incident and stated that Pittman "fell" and sustained injuries to his "lower back." This Report also identified the Vessel as "Equipment Involved in [the] Accident."

13. On July 17, 2013, Pittman commenced an action in the United States District Court for the Southern District of Texas captioned *Pittman v. Hercules Offshore, Inc., et al.*, No. 3:13-cv-00260 (the "Personal Injury Action"), seeking damages for the personal injuries that he allegedly sustained as a result of the incident on the Vessel. On June 18, 2014, Pittman filed a First Amended Complaint that added Coastal as a defendant to the action.

14. Coastal's insurance broker sent a copy of the First Amended Complaint in the Personal Injury Action to Torus's agent on August 7, 2014. This was the first notification that Torus received from Coastal concerning either the Personal Injury Action or the incident involving the Vessel.

**B.   The P&I Policy**

15. Eagle Ocean Agencies, Inc. ("EOA"), a New York corporation with its principal

place of business in New York, New York, acting on behalf of Torus, issued a marine protection and indemnity policy to Coastal for the policy period of June 13, 2013 to June 13, 2014 (the "Policy"). The Policy provides Coastal with protection and indemnity insurance for, inter alia, "[l]iability for life salvage in respect of, or loss of life of, or personal injury to, or illness of, any person . . . and hospital, medical or funeral expenses incurred in relation to such injury, illness or death."

16. The LESLIE ANN is listed as a covered vessel in the Policy.

17. The Policy includes a notice provision that requires Coastal to give the insurer prompt notice of any occurrence that may give rise to a claim against Coastal. Specifically, the Policy states:

**PART ONE: INTRODUCTORY AND GENERAL PROVISIONS**

\* \* \*

**SECTION IV: GENERAL CONDITIONS**

\* \* \*

**Insured's Obligations in Regard to Claims**

18. Any happening, occurrence, event or matter (including, but not limited to, any legal or arbitration proceedings commenced against the insured) which may be liable to cause the insured to incur loss, damage, liabilities, costs or expenses for which he may be insured by the insurer shall be notified promptly to the insurer by the insured on it being known to the inured.  In so far as there may be any difference of opinion between the insured and the insurer as to whether any happening, occurrence, event or matter is or was such as might be liable to cause the insured to incur loss, damage, liabilities, costs or expenses, or as to whether the insured knew or ought to have known of such happening, occurrence, event or matter as aforesaid, the determination of the insurer shall be final. . . .

\* \* \*

22. If an insured commits any breach of any of its obligations under this contract of insurance, the insurer may reject or reduce any recovery to which such breach may appear to the insurer to be relevant.

18. The Policy also includes a "Time Bar" clause. The Time Bar clause states that Coastal's failure to give prompt notification as required by the notice provision will discharge the insurer from any liability for the claim. The Time Bar clause states in relevant part:

**Time Bar**

25. a. In the event that:

   i. an insured fails to fulfill its duty of prompt notification as contained in sub-section 18 above []

* * *

the insured's claim against the insurer shall be discharged and the insurer shall be under no liability in respect thereof.

19. The Policy also includes a choice of law provision that states, in pertinent part:

**Applicable Law**

52. The contract of insurance between the insurer and the insured shall be governed by and construed in accordance with the law of the State of New York. . . .

20. The Policy also includes a forum selection clause that states, in pertinent part:

**Disputes**

* * *

51. If any [difference or dispute other than an action by the insurer to collect sums due from the insured] shall arise between an insured or any other person and the insurer out of or in connection with the contract of insurance between the insured and the insurer, or as to the rights or obligations of the insurer or the insured or any other person thereunder or in connection therewith, such difference or dispute shall be subject to adjudication by the United States District Court for the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Torus repeats and realleges each and every allegation contained in paragraphs "1" through "20" as if fully set forth herein.

22. The Policy requires Coastal to promptly notify Torus of any occurrence that may cause Coastal to incur any loss, damage, liabilities, costs, or expenses for which Coastal may be insured by Torus.

23. Prompt notification of an occurrence is a condition precedent to coverage under the Policy.

24. Coastal failed to provide notice of the incident involving Pittman until over one year after the incident occurred, despite having knowledge of the incident prompting Coastal's employee and the captain of the Vessel to file a U.S. Coast Guard Report of Marine Injury, Accident or Death.

25. Coastal's delay of over one year in notifying Torus of the incident renders its notice untimely.

26. Because Coastal failed to promptly notify Torus of the incident, Torus has no duty to indemnify Coastal under the Policy.

27. An actual case or controversy exists between the parties regarding whether Torus is obligated to indemnify Coastal for any liability that may be incurred in connection with the Personal Injury Action.

## PRAYER FOR RELIEF

WHEREFORE, Torus prays that the Court:

1. declare the rights and liabilities of the parties regarding Torus's obligations with respect to coverage for any liability that Coastal may incur in connection with the Personal

Injury Action;

2.     find and declare that the notice provision of the Policy bars any claim for coverage from Torus by Coastal;

3.     find and declare that Coastal has no right to indemnification from Torus for any liability that Coastal may incur in the Personal Injury Action;

4.     grant Torus its costs and disbursements in this action along with such further and different relief as the Court deems just and proper.

Dated: New York, New York
       December 11, 2014

                              BROWN GAVALAS & FROMM LLP
                              Attorneys for Plaintiff
                              TORUS INSURANCE (UK) LTD.

By: _____
     David H. Fromm (DF-9334)
     Patrick R. O'Mea (PO-0424)
     555 Fifth Avenue
     New York, New York 10017
     (212) 983-8500