UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TORUS INSURANCE (UK) LTD,

    Plaintiff,

  -v-                                                      No.  14CV9785-LTS-JFC

COASTAL TOWING, LLC,

    Defendant.

-------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

Plaintiff Torus Insurance (UK) LTD ("Plaintiff") brings this admiralty or maritime claim against Defendant Coastal Towing, LLC ("Defendant"), seeking a declaratory judgment regarding a certain insurance claim filed by Defendant. Defendant has moved to dismiss the Complaint for improper venue or, in the alternative, to transfer venue to the Southern District of Texas, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. section 1406. The Court has reviewed carefully all of the parties' submissions.

Defendant's principal argument that venue of this action is improper rests on the assumption that the basis for venue is a forum selection clause, which Defendant argues is invalid. The Court need not address this issue because Plaintiff has both pleaded, and supported with affidavits, allegations that a substantial part of the events or omissions giving rise to this action took place in the Southern District of New York. Plaintiff's proffers are uncontroverted. Therefore, Defendant's motion to dismiss will be denied.

BACKGROUND

The following factual proffers by Plaintiff are taken as true for the purposes of this motion practice.  Plaintiff is an insurance company in the United Kingdom, which is authorized by the New York Department of Financial Services to write insurance in New York.  (Fromm Decl., Ex. A.)  Plaintiff engaged Eagle Ocean Agencies, Inc. d/b/a Eagle Ocean America ("Eagle"), a New York corporation with offices in New York City, as its insurance agent, authorized to underwrite insurance agreements on Plaintiff's behalf.  (Flynn Decl. ¶ 2.)  Eagle issued the marine protection and indemnity policy (the "Policy") at issue in this litigation, on behalf of Plaintiff, for insurance coverage of Defendant's activities for the period from June 13, 2013, to June 12, 2014.  (Flynn Decl. Exs. D and G, at 2.)

On June 20, 2013, the M/V LESLIE ANN, owned and operated by Defendant, arrived at a jack-up drilling platform in the Gulf of Mexico to transport four workers who had been performing metal fabrication work.  (Compl. ¶ 8.)  During the transfer, one of the workers was allegedly injured in an accident.  (Compl. ¶ 10.)  The M/V LESLIE ANN is listed as a covered vessel in the Policy.  (Compl. ¶ 16.)  Plaintiff was not notified of the accident until August 7, 2014, when a copy of the complaint in an action arising from the action was sent to Plaintiff's agent.  (Compl ¶ 14.)  Plaintiff alleges that, under the terms of the Policy, it is not liable for claims where the insured fails to provide prompt notification.  (Compl. ¶ 18.)

A claims executive with Eagle, John F. O'Kane, reviewed the claim at issue in this case at Eagle's office in New York City.  (O'Kane Decl. ¶ 7.)  On or about August 13, 2014, Mr. O'Kane received a series of e-mails notifying Eagle of an action captioned Pittman v. Hercules Offshore, Inc., et al., No. 3:13-cv-00260, which was pending in the United States District Court for the Southern District of Texas and involved the June 20, 2013, accident.

(O'Kane Decl. ¶ 7.)  Mr. O'Kane "concluded that [Defendant] may have failed to give Eagle Ocean timely notice of the claim as required by the [Policy].  Accordingly, on September 2, 2014 [he] sent a letter from Eagle Ocean's New York Office to [Defendant] advising that Eagle Ocean was reserving its rights under the policy due to Coastal's late notice."  (O'Kane Decl. ¶ 9.)

Edward J. Flynn, an underwriter for Eagle, had negotiated and issued the Policy from Eagle's office in New York City.  (Flynn Decl. ¶¶ 3-4.)  Mr. Flynn asserts that, in connection with the negotiation and issuance of the Policy, he communicated with Price Forbes & Partner Ltd. ("PFP"), of London, United Kingdom.  (Flynn Decl. ¶ 4.)  Mr. Flynn signed, on behalf of Eagle and Plaintiff, a binding slip provided by PFP which provided the "basic details of the risk and stated that the conditions were '[a]s per Eagle Ocean America General Terms and Conditions of Cover (1.1.2013)' and that the Choice of Law and Jurisdiction were 'State of New York, practice and jurisdiction . . . .'"  (Flynn Decl. ¶ 7.)  The Policy issued to Defendant also contains a forum selection clause designating the Southern District of New York as the forum for all disputes arising under the Policy.  (Flynn Decl. Ex. D, at 16.)  Mr. Flynn signed the binding slip provided by PFP on June 13, 2013, with a notation "At New York, NY" and returned it to PFP.  (Flynn Decl. ¶ 9.)  Mr. Flynn sent PFP a Certificate of Insurance for Defendant with additional terms and conditions regarding Defendant's insurance coverage.  (Flynn Decl. ¶ 9.)  All premium payments in connection with the Policy were paid to an account located in New York.  (Flynn Decl. ¶ 15.)

On December 11, 2014, Plaintiff filed the above-captioned Complaint in this Court, seeking a judgment declaring the rights and liabilities of the parties with respect to the Policy and the coverage for any liability Plaintiff has for the accident in question.  (Compl. at

pgs. 6-7.)

DISCUSSION

Defendant moves to dismiss the Complaint on the basis of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. section 1406.  Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C.S. § 1391(b)(2) (LexisNexis 2012).  Section 1391(b) "permits venue in multiple judicial districts as long as 'a substantial part' of the underlying events took place in those districts."  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005).  "[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."  Glasbrenner, 417 F.3d at 357.

"The burden of showing that venue in the forum district is proper falls on the plaintiff, but absent an evidentiary hearing, the plaintiff need only make a prima facie showing of venue."  Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 648 (S.D.N.Y. 2008) (internal citations and quotation marks omitted).  "A plaintiff's factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor."  Alzal Corp. v. Emporio Motor Grp., L.L.C., No. 13CV2636, 2013 WL 3866633, at *4 (S.D.N.Y. July 26, 2013) (citing Martinez v. Bloomberg LP, 883 F. Supp. 2d 511, 513 (S.D.N.Y. 2012)).  When considering allegations related to venue, the Court may consider evidence outside the complaint, "including affidavits and other documentary evidence."  Id.

Plaintiff's proffers supply the requisite prima facie showing that this District bears a sufficient nexus to the transactions and occurrences underlying the Plaintiff's claims to support venue.  The communications and negotiations regarding the Policy occurred, at least in part, in

New York City.  All premium payments in connection with the Policy were paid to an account located in New York.  The alleged untimely notices of the accident and law suit related to the Policy were sent to Eagle in New York City.  Moreover, Defendant's insurance claim was reviewed in, and notice of Plaintiff's reservation to assert its rights with respect to timeliness of the claim was issued from, Eagle's office located in New York City.  Therefore, because Plaintiff's claim in this action arises from the Policy which was negotiated, in part, in New York City and Defendant's Policy insurance claim, which was reviewed in New York City, venue in the Southern District of New York is proper.  See, e.g., U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 153 (2d Cir. 2001) (venue proper in the Southern District of New York when the terms of the relevant agreement were negotiated by telephone and facsimile with a party in New York); Sacody Technologies, Inc. v. Avant, Inc., 862 F. Supp. 1152, 1157 (S.D.N.Y. 1994) (venue was proper in the Southern District of New York where communications "in relation to the [contract] took place over the phone and by correspondence and facsimile between [the parties] in Massachusetts and New York, respectively").

> As venue is proper in this District, the Court need not determine whether transfer to the Southern District of Texas is appropriate.  See 28 U.S.C.S. § 1406(a) (LexisNexis 2009) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

CONCLUSION

> For the foregoing reasons, Defendants' motion to dismiss the Complaint is denied.  This Memorandum Opinion and Order resolves docket entry number 11.

An initial pretrial conference is scheduled to be held on **June 16, 2015, at 10:00 a.m. in Courtroom 12D**. In preparation for the conference, the parties must comply with the requirements of the Initial Conference Order. (<u>See</u> Docket entry no. 5.)

SO ORDERED.

Dated: New York, New York
May 5, 2015

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge